UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X          Civil No.

MICHAEL TRANTER, as the Administrator of the Estate of
JAREMY VAZQUEZ, and Administrator Ad Prosequendum          **VERIFIED COMPLAINT**
of the Estate and LUCERO VAZQUEZ, individually            **AND JURY DEMAND**

                                Plaintiffs,

                -against-


Z & D TOUR INC., FEDEX GROUND PACKAGE
SYSTEM, INC. and BRANDON STOWERS,

                                Defendants.

-------------------------------------------------------------------X

Plaintiffs, by and through their attorneys, GINARTE GALLARDO GONZALEZ WINOGRAD, L.L.P., complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.      This is a civil action in which the plaintiffs, seek relief for serious personal injuries and death sustained in a motor vehicle accident as a result of the defendant's negligence.  The plaintiff seek compensatory damages, affirmative and equitable relief, an award of costs and interest, and such other and further relief as this Court deems equitable and just.

2.      That at all times hereinafter mentioned, Plaintiff, **MICHAEL TRANTER**, was appointed the Administrator of the Estate of **JAREMY VAZQUEZ**, on August 27, 2020, with Letters of Administration being issued to him by the Probate Court of Montgomery County in the State of Ohio.

## PARTIES

3.      At the time of the commencement of this action, plaintiff **LUCERO VAZQUEZ** was

1

and still is a resident of the County of Kings, State of New York.

      4.     At all times hereinafter mentioned, Plaintiff/decedent **JAREMY VAZQUEZ** was a resident of the County of Montgomery, State of Ohio.

      5.     That at all times hereinafter mentioned, Plaintiff, **MICHAEL TRANTER**, Esq. was appointed the Administrator of the Estate of **JAREMY VAZQUEZ**, on August 27, 2020, with Letters of Administration being issued to him by the Probate Court of Montgomery County in the State of Ohio

      6.     That at the time of the commencement of this action, the Defendant **Z & D TOUR INC.**, was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New Jersey.

      7.     That at the time of the commencement of this action, the Defendant **Z & D TOUR INC.**, was and still is a foreign corporation duly authorized to do business in the State of New York.

      8.     That at the time of the commencement of this action, the Defendant **Z & D TOUR INC.**, maintained a principal place of business in the County of Rockaway, State of New Jersey.

      9.     That at the time of the commencement of this action, the Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.,** was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of Delaware.

      10.    That at the time of the commencement of this action, the Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.,** was and still is a foreign corporation duly authorized to do business in the State of New York

      11.    That at the time of the commencement of this action, the Defendant **FEDEX**

2

**GROUND PACKAGE SYSTEM, INC.,** maintained a principal place of business in the County of

MOON TOWNSHIP, PENNSYLVANIA.

12.     At the time of the commencement of this action, defendant **BRANDON STOWERS**

was and still is a resident of the County of Hemet, State of California.

## JURISDICTION AND VENUE

13.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1332, 1367 and 1342,

this being an action seeking redress for serious personal injuries sustained due to the negligence of the

defendants, who all live in a different state other than that of the plaintiff.

14.     The plaintiff respectfully requests that this Court exercise supplemental jurisdiction,

pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus

of operative facts that give rise to the federally based causes of action pleaded herein, and as against

all parties that are so related to claims in this action within the original jurisdiction of this court that

are formed as part of the same case or controversy; the amount in controversy in this matter exceeds

Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and fees

## VENUE

15.     Venue herein is proper for the United States District Court for the Eastern District of

New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMAND

16.     Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## FACTS COMMON TO ALL CAUSES OF ACTION

17.     At all times herein mentioned, Defendant **Z & D TOUR INC.,** was the owner of a

2005 bus bearing New Jersey State registration number AT656H.

3

18.     At all times herein mentioned, the 2005 bus bearing New Jersey State registration number AT656H was registered to Defendant **Z & D TOUR INC**.

19.     At all times herein mentioned, Defendant **Z & D TOUR INC.,** maintained the 2005 bus bearing New Jersey State registration number AT656H.

20.     At all times herein mentioned, Defendant **Z & D TOUR INC.,** managed the 2005 bus bearing New Jersey State registration number AT656H.

21.     At all times herein mentioned, Defendant **Z & D TOUR INC.,** controlled the 2005 bus bearing New Jersey State registration number AT656H.

22.     At all times herein mentioned, Shuangqing Feng, operated the aforementioned 2005 bus bearing New Jersey State registration number AT656H.

23.     At all times herein mentioned Shuangqing Feng, operated the aforementioned motor vehicle, with the permission of Defendant, **Z & D TOUR INC**.

24.     At all times herein mentioned, Shuangqing Feng, operated the aforementioned motor vehicle, with the consent of Defendant, **Z & D TOUR INC**

25.     At all times herein mentioned, Shuangqing Feng, operated the aforementioned motor vehicle, with the knowledge of Defendant, **Z & D TOUR INC**.

26.     At all times herein mentioned, Shuangqing Feng, operated the aforementioned motor vehicle, within the scope of his employment of Defendant, **Z & D TOUR INC**.

27.     At all times herein mentioned, Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.,** was the owner of a 2018 truck bearing Indiana State registration number 1137170.

28.     At all times herein mentioned, the 2018 truck bearing Indiana State registration number 1137170 was registered to Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.**

4

29.     At all times herein mentioned, Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.,** maintained the 2018 truck bearing Indiana State registration number 1137170.

30.     At all times herein mentioned, Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.,** managed the 2018 truck bearing Indiana State registration number 1137170.

31.     At all times herein mentioned, Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.,** controlled the 2018 truck bearing Indiana State registration number 1137170.

32.     At all times herein mentioned, defendant **BRANDON STOWERS**, operated the aforementioned 2018 truck bearing Indiana State registration number 1137170.

33.     At all times herein mentioned defendant **BRANDON STOWERS**, operated the aforementioned motor vehicle, with the permission of Defendant, **FEDEX GROUND PACKAGE SYSTEM, INC.**

34.     At all times herein mentioned, defendant **BRANDON STOWERS**, operated the aforementioned motor vehicle, with the consent of Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.**

35.     At all times herein mentioned, defendant **BRANDON STOWERS**, operated the aforementioned motor vehicle, with the knowledge of Defendant, **FEDEX GROUND PACKAGE SYSTEM, INC.**

36.     At all times herein mentioned, defendant **BRANDON STOWERS**, operated the aforementioned motor vehicle, within the scope of his employment of Defendant, **FEDEX GROUND PACKAGE SYSTEM, INC.**

37.     At all times herein mentioned, Plaintiff, **LUCERO VAZQUEZ**, was a passenger in the vehicle operated by Shuangqing Feng and owned by **Z & D TOUR INC.**

5

38.     At all times herein mentioned, Plaintiff/decedent **JAREMY VAZQUEZ**, was a passenger in the vehicle operated by Shuangqing Feng and owned by defendant **Z & D TOUR INC.**

39.     At all times herein mentioned, W/B lanes of the Pennsylvania Turnpike Interstate 70 near Mount Pleasant Township, State of Pennsylvania, were public roadways, streets and/or thoroughfares.

40.     That on January 5, 2020, Shuangqing Feng, was operating the aforementioned 2005 bus bearing New Jersey State registration number AT656H owned by **Z & D TOUR INC.** at the aforementioned location.

41.     That on January 5, 2020, defendant, **BRANDON STOWERS**, was operating the 2018 truck bearing Indiana State registration number 1137170 owned by **FEDEX GROUND PACKAGE SYSTEM, INC.** at the aforementioned location.

42.     That on January 5, 2020, Plaintiffs were passengers in the bus driven by Shuangqing Feng and owned by defendant **Z & D TOUR INC.** at the aforementioned location.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## NEGLIGENCE BEHALF OF LUCERO VAZQUEZ

43.     Plaintiff **LUCERO VAZQUEZ** repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44.     That on January 5, 2020, at the aforesaid location, the motor vehicles mentioned above were involved in an accident.

45.     That as a result of the aforesaid contact, Plaintiff, **LUCERO VAZQUEZ**, was injured

46.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing

thereto.

47.     That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicles and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

48.     That Defendants were negligent in allowing their motor vehicles to be operated in a negligent manner, in failing  to have the said motor vehicles under reasonable and proper control; in carelessly and negligently causing and permitting the said motor vehicles to be operated over and along the public roadway in a dangerous and negligent manner; in operating the aforesaid motor vehicle in disregard of traffic control devices; in failing to maintain a proper speed, speeding, in failing to stop; in carelessly and negligently failing and omitting to provide for and/or make prompt and timely use of adequate and efficient brakes, signaling devices and steering mechanisms; in failing to provide functioning seatbelts, failing to provide any seatbelts, in carelessly and negligently failing and omitting to keep and maintain a proper lookout and be reasonably alert; in causing and permitting said motor vehicles to be operated in such a manner as to cause same to come into contact with fixed objects and or other motor vehicles including the motor vehicle in which Plaintiff **LUCERO VAZQUEZ** and Plaintiff's decedent were passengers in at the above mentioned location.

49.     That defendant **Z & D TOUR INC.** is vicariously responsible for  Shuangqing Feng operation of the vehicle at the aforesaid accident and injuries resulting therefrom.

50.     That defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** is vicariously responsible for the aforesaid accident and injuries resulting therefrom from defendant **BRANDON STOWERS** operation of the motor vehicle.

51.     That by reason of the foregoing, Plaintiff **LUCERO VAZQUEZ** was otherwise

7

injured.

52.     That by reason of the foregoing, Plaintiff **LUCERO VAZQUEZ** sustained severe and permanent personal injuries; and Plaintiff **LUCERO VAZQUEZ** was otherwise damaged.

53.     That Plaintiff **LUCERO VAZQUEZ** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

54.     That Plaintiff **LUCERO VAZQUEZ** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

55.     That by reason of the foregoing, Plaintiff **LUCERO VAZQUEZ** has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

56.     That this action falls within one or more of the exceptions set forth in CPLR § 1602.

57.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF JAREMY VAZQUEZ

58.     Plaintiff **JAREMY VAZQUEZ** repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59.     That on January 5, 2020, at the aforesaid location, the motor vehicles mentioned above were involved in an accident.

60.     That as a result of the aforesaid contact, Plaintiff, **JAREMY VAZQUEZ,** was severely injured and died on January 5, 2020 as a result of the accident.

61.     That the aforesaid occurrence was caused wholly and solely by reason of the

negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

62.    That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

63.    That Defendants were negligent in allowing their motor vehicles to be operated in a negligent manner, in failing  to have the said motor vehicles under reasonable and proper control; in carelessly and negligently causing and permitting the said motor vehicles to be operated over and along the public roadway in a dangerous and negligent manner; in operating the aforesaid motor vehicle in disregard of traffic control devices; in failing to maintain a proper speed, speeding, in failing to stop; in carelessly and negligently failing and omitting to provide for and/or make prompt and timely use of adequate and efficient brakes, signaling devices and steering mechanisms; failing to provide seatbelts, in carelessly and negligently failing and omitting to keep and maintain a proper lookout and be reasonably alert; in causing and permitting said motor vehicle to be operated in such a manner as to cause same to come into contact with  fixed objects and or other motor vehicles including the motor vehicle in which  Plaintiff **JAREMY VAZQUEZ** was a passenger in at the above mentioned location.

64.    That defendant **Z & D TOUR INC.** is vicariously responsible for Shuangqing Feng operation of the vehicle at the aforesaid accident and injuries resulting therefrom.

65.    That defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** is vicariously responsible for the aforesaid accident and injuries resulting therefrom from defendant **BRANDON STOWERS** operation of the motor vehicle.

9

66.     That by reason of the foregoing, Plaintiff **JAREMY VAZQUEZ** succumbed to his injuries as a result of this accident.

67.     That by reason of the foregoing, Plaintiff **JAREMY VAZQUEZ** sustained severe and permanent personal injuries; and Plaintiff **JAREMY VAZQUEZ** was otherwise damaged.

68.     That Plaintiff **JAREMY VAZQUEZ** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

69.     That Plaintiff **JAREMY VAZQUEZ** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

70.     That by reason of the foregoing, Plaintiff **JAREMY VAZQUEZ** has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

71.     That this action falls within one or more of the exceptions set forth in CPLR § 1602.

72.     Decedent sustained a serious injury resulting in economic loss and non-economic loss as defined by Estates Powers & Trust Laws at § 5-4.1, Powers & Trusts Law 11-3.2 the Estate is entitled to recover compensation for the personal injury and pain and suffering of the decedent.

73.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF'S DECEDENT, JAREMY VAZQUEZ
## FOR WRONGFUL DEATH

74.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

75.    That by reason of the negligence and carelessness of the Defendants' herein, the Plaintiff's decedent because sick, sore, and disabled, received severe, serious and permanent injuries to diverse parts of his person, which injuries ultimately resulted in his demise.

76.    That by virtue of the wrongful death of decedent, **JAREMY VAZQUEZ**, his surviving distributes, who sustained pecuniary loss by reason of the wrongful death of the Plaintiff's decedent, **LUCERO VAZQUEZ**, and the Administrator herein have been permanently deprived of his services, society and companionship.

77.    That solely by reason of the foregoing, Plaintiffs, the decedent's distributes, were obliged to incur expenses and become obligated for medical, hospital, funeral, burial and other expenses.

78.    That by reason of the foregoing, Plaintiffs, the decedent's distributes have been severely and permanently damaged and, accordingly, are entitled to appropriate compensation.

79.    That as a result of the foregoing, Plaintiffs, the decedent's distributees have been damaged in a sum in excess of the jurisdictional limit of all lower Courts of the State of New York.

## <u>AS AND FOR A FOURTH CAUSE OF ACTION</u><br><u>ON BEHALF OF PLAINTIFF, LUCERO VAZQUEZ</u>

80.    Plaintiffs, the decedent's distributees repeat, reiterate and reallege each and every allegation set forth in paragraphs above  as though more fully set forth at length herein

81.    That at all times hereinafter mentioned, the Plaintiff, **LUCERO VAZQUEZ**, was the mother of the decedent, **JAREMY VAZQUEZ**, and as such was entitled to the services, society, enjoyment and comfort of her daughter.

82.    That solely by the reason of the negligence of the defendant's, the Plaintiff **LUCERO**

VAZQUEZ, has been deprived of the services, comfort, society and enjoyment of her daughter and, Plaintiff, **LUCERO VAZQUEZ**, was obligated to and did expend large sums of money for care and treatment of her daughter.

83.    That solely as a result of the foregoing, the Plaintiff, **LUCERO VAZQUEZ**, claims damages in a sum in excess of the jurisdictional limit of all lower Courts of the State of New York together with the costs and disbursements of these actions.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF LUCERO VAZQUEZ**

84.    Plaintiff, **LUCERO VAZQUEZ**, repeats, reiterates and realleges each and every allegation set forth in paragraphs contained herein, as though same were more fully set forth at length herein.

85.    At all times hereinafter mentioned, Plaintiff, **LUCERO VAZQUEZ**, was, and is the Parent and natural Guardian of Infant-Plaintiff, **JAREMY VAZQUEZ** and as such was entitled to the services, society and companionship of the Infant Plaintiff, **JAREMY VAZQUEZ**.

86.    That by reason of the foregoing, Plaintiff, **LUCERO VAZQUEZ**, has been deprived of the services, society and companionship of Infant-Plaintiff, **JAREMY VAZQUEZ**.

87.    That by reason of the foregoing, Plaintiff, **LUCERO VAZQUEZ**, has been damaged in an amount which exceeds the jurisdictional limits of all of the lower courts of the State of New York.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF
OF PLAINTIFF'S THE DEFENDANT Z & D TOUR INC.
IS LIABLE FOR THE ACTIONS OF ITS EMPLOYEES**

88.    Plaintiffs, repeats, reiterates and realleges each and every allegation set forth in

paragraphs contained herein, as though same were more fully set forth at length herein

89.    At all times material hereto, Defendant **Z & D TOUR INC.** was the employer of bus driver of Shuangqing Feng as defined by the Federal Motor Carrier Safety Regulations, 49 C.F.R. Sections 383.5 and/or 390.5.

90.    At all times material hereto, Shuangqing Feng was an employee or agent of Defendant **Z & D TOUR INC.** acting within the scope and course of his employment or agency.

91.    Defendant **Z & D TOUR INC.** is liable for the negligent actions and omissions of Shuangqing Feng pursuant to the doctrine of respondent superior and/or the rules of agency.

92.    Defendant **Z & D TOUR INC.** was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce.  As such, Defendant **Z & D TOUR INC.** was at all relevant time subject to the Federal Motor Carrier Safety Regulations.

93.    As a motor carrier, Defendant **Z & D TOUR INC.** had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, Pennsylvania trucking safety regulations and trucking industry standards, including the duty to properly qualify truck driver Shuangqing Feng, the duty to properly train truck driver Shuangqing Feng, the duty to properly supervise truck driver Shuangqing Feng, the duty to monitor the hours of service of truck driver Shuangqing Feng, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement appropriate management controls and systems for the safe operation of its commercial motor vehicle.

94.    Defendant **Z & D TOUR INC.** was also negligent in hiring, qualifying, training, entrusting, supervising, and retaining truck driver Shuangqing Feng in connection with his operation

13

of a commercial motor vehicle, in failing to have appropriate policies and procedures in place regarding routing and trip planning, and in otherwise failing to act as a reasonable and prudent owner and operator of a common carrier for hire traveling in interstate commerce.

95.     As a direct and proximate result of the negligence of Shuangqing Feng and Defendant, **Z & D TOUR INC.**, Plaintiffs sustained severe personal injuries and death.

96.     As a direct and proximate result of the negligence of Defendant, **Z & D TOUR INC.**, Plaintiffs have incurred and is entitled to recover special damages, including but not limited to medical expenses, lost wages, diminished earning capacity, and other miscellaneous expenses in an amount that will be proven at trial Plaintiffs are also entitled to recover for general damages, including pain and suffering.

97.     That as a result of the aforesaid contact, Plaintiffs were injured.

98.     That by reason of the foregoing, Plaintiff's have been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF'S THE DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC. IS LIABLE FOR THE ACTIONS OF ITS EMPLOYEES

99.     Plaintiffs, repeats, reiterates and realleges each and every allegation set forth in paragraphs contained herein, as though same were more fully set forth at length herein.

100.    At all times material hereto, Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** was the employer of truck driver of **BRANDON STOWERS** as defined by the Federal Motor Carrier Safety Regulations, 49 C.F.R. Sections 383.5 and/or 390.5.

101.    At all times material hereto, **BRANDON STOWERS** was an employee or agent of Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** acting within the scope and course of

his employment or agency.

102.   Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** is liable for the negligent actions and omissions of **BRANDON STOWERS** pursuant to the doctrine of respondeat superior and/or the rules of agency.

103.   Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** was at all relevant time subject to the Federal Motor Carrier Safety Regulations.

104.   As a motor carrier, Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, Pennsylvania trucking safety regulations and trucking industry standards, including the duty to properly qualify truck driver **BRANDON STOWERS**, the duty to properly train truck driver **BRANDON STOWERS**, the duty to properly supervise truck driver **BRANDON STOWERS**, the duty to monitor the hours of service of truck driver **BRANDON STOWERS**, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement appropriate management controls and systems for the safe operation of its commercial motor vehicle.

105.   Defendant **FEDEX GROUND PACKAGE SYSTEM, INC.** was also negligent in hiring, qualifying, training, entrusting, supervising, and retaining truck driver **BRANDON STOWERS** in connection with his operation of a commercial motor vehicle, in failing to have appropriate policies and procedures in place regarding routing and trip planning, and in otherwise failing to act as a reasonable and prudent.

106.   As a direct and proximate result of the negligence of **BRANDON STOWERS** and

15

Defendant, **FEDEX GROUND PACKAGE SYSTEM, INC.**, and Plaintiff's sustained catastrophic personal injuries.

107.    As a direct and proximate result of the negligence of Defendant, **FEDEX GROUND PACKAGE SYSTEM, INC.** Plaintiffs have incurred and is entitled to recover special damages, including but not limited to medical expenses, lost wages, diminished earning capacity, and other miscellaneous expenses in an amount that will be proven at trial Plaintiffs are also entitled to recover for general damages, including pain and suffering.

108.    That as a result of the aforesaid contact, Plaintiffs were injured.

109.    That by reason of the foregoing, Plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF'S LUCERO VAZQUEZ WAS IN THE ZONE OF DANGER

110.    Plaintiffs, repeats, reiterates and realleges each and every allegation set forth in paragraphs contained herein, as though same were more fully set forth at length herein.

111.    That on January 5, 2020, at the aforesaid location at all times herein mentioned, Plaintiff, **LUCERO VAZQUEZ**, was exposed to an unreasonable risk and was personally in the zone of danger when her daughter passed away as a result of the accident.

112.    As a result of her perception of the occurrence on July 5, 2020, involving the death of her daughter, Plaintiff **LUCERO VAZQUEZ**, sustained severe and permanent emotional trauma.

113.    That by reason of the foregoing, Plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants on All Causes of Action in the amount of TEN MILLION ($10,000,000.00) DOLLARS, together with costs and disbursements of this action, and such other further and different relief as this Court may deem just and proper.

Dated: New York, New York
       November 10, 2020

                                        Respectfully submitted,


                                        Richard M. Winograd, Esq.
                                        GINARTE GALLARDO
                                        GONZALEZ WINOGRAD, L.L.P.
                                        *Attorneys for Plaintiffs*
                                        The Woolworth Building
                                        233 Broadway, Suite 2405
                                        New York, NY 10279
                                        (212) 601-9700



To:   **Z & D TOUR INC.**
      c/o DAN YU CHEN
      59 Canal Street, 1Fl
      New York, New York 10002

      **FEDEX GROUND PACKAGE SYSTEM, INC.**
      c/o C T CORPORATION SYSTEM
      28 Liberty Street
      New York, New York 10005

**BRANDON STOWERS**
31335 Old Ranch Road
Hemet, California 92544

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL TRANTER, as the Administrator of the Estate
of JAREMY VAZQUEZ, and Administrator Ad
Prosequendum of the Estate and LUCERO VAZQUEZ,
individually,

**VERIFICATION**

                        Plaintiffs,

        -against-

Z & D TOUR INC., FEDEX GROUND
PACKAGE SYSTEM, INC. and BRANDON STOWERS,

                        Defendants.
------------------------------------------------------------X
**STATE OF NEW YORK**    }
**COUNTY OF NEW YORK** } ss:

       **RICHARD M. WINOGRAD, ESQ.,** an attorney admitted to practice in the Courts of New York State, states:

       1.     Affirmant is the managing attorney of the law firm of GINARTE GALLARDO GONZALEZ & WINOGRAD, LLP, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing VERIFIED COMPLAINT & JURY DEMAND and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

       2.     This verification is made by affirmant and not by plaintiff, for the reason that plaintiff's residence is not in the county where affirmant maintains his office.

       3.     The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation.

       The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
      November 10, 2020

                                   Richard M. Winograd, Esq.

19